UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK EUGENE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD J. BORLA, et al.,<br><br>    Defendants. | Case No. 25-cv-04304-NW<br><br>**ORDER SCREENING AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Plaintiff Derrick Eugene Jackson, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. *See* ECF No. 4. Jackson's application for leave to proceed *in forma pauperis* has been granted in a separate order. The Court has screened Jackson's Complaint; for the reasons set forth below, the Complaint is **DISMISSED WITHOUT PREJUDICE** to filing a habeas corpus petition under 28 U.S.C. § 2254.

**I.    BACKGROUND**

Jackson alleges that his sentence is invalid based on changes to his release date. See ECF No. 4 at 3. Jackson was notified of two changes by letter on September 6, 2022, and June 24, 2024, with the latter referencing a "calculation correction." ECF No. 4 at 3. Jackson alleges that he received a 10-year credit and a potential release date of June 20, 2018, with a maximum date of November 28, 2019, which means that he should have been released from prison. *Id.* He also alleges that his sentence became invalid due to a change in law on June 30, 2022. *Id.*

Jackson names Division of Adult Institutions correctional case records analysts, A. Digirolamo and R. Epps, as well as the following Folsom State Prison employees, as Defendants: S. Haili, case records analyst; J. Gelein, counselor; C. Evans, counselor; P. Crosby, case records analyst; J. Morris, counselor. ECF No. 4 at 2. Jackson seeks his immediate release,

the dismissal of his convictions, and damages. *Id.* at 3.

**II.     DISCUSSION**

This action was filed as a civil rights action under 42 U.S.C. § 1983, which is the proper vehicle to challenge conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Review of the complaint, however, shows that Jackson is seeking his immediate release and the dismissal of his criminal convictions. ECF No. 4 at 4. Civil rights claims under Section 1983 cannot be used to obtain release from custody or dismissal of state convictions; rather, Jackson is "[c]halleng[ing] . . . the lawfulness of confinement or to particulars affecting its duration," which is "the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quotations omitted). Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (citation omitted). A district court is generally discouraged from converting a civil rights action to a habeas petition to ensure that any petition filed by a prisoner contains all relevant information and claims for relief. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Rather, the Ninth Circuit has instructed that a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing a habeas petition. *Id.*[1] Accordingly, to the extent Jackson seeks his immediate release, he must do so by filing a habeas petition pursuant to 28 U.S.C. § 2254.

In addition, although Jackson seeks monetary damages, a plaintiff in a Section 1983 action cannot obtain damages for unlawful imprisonment unless the conviction or sentence for which he is imprisoned "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). While the *Heck* bar is an affirmative defense, because this is an action covered by the Prisoner Litigation Reform Act (PLRA), the Court is required to dismiss the complaint sua sponte if it concludes a *Heck* bar defeats the plaintiff's claim. *Hebrard v. Nofziger*, 90 F.4th 1000, 1007

---

[1] Additionally, the Court is not aware of any details related to Jackson's underlying criminal conviction(s).

(9th Cir. 2024).  Here, given that Jackson is still in custody pursuant to an underlying state criminal judgment and he is presently seeking his release and the dismissal of his convictions, his civil rights claims for damages are barred until he can show that the conviction or sentence.

### III. CONCLUSION

The Court orders as follows:

1. Jackson's complaint is **DISMISSED WITHOUT PREJUDICE** to him seeking relief through a habeas corpus petition.

2. The Clerk is requested to send a copy of a blank 28 U.S.C. § 2254 habeas corpus form to Jackson with a copy of this Order.

3. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 11, 2025

Noël Wise
United States District Judge